UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LEONARD CORBIN, | ) | CASE NO. 1:06 CV 1489 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| STATE OF OHIO, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On June 16, 2006, petitioner Leonard Corbin filed the above-captioned petition for a writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651. Corbin was convicted of felonious assault in the Cuyahoga County Court of Common Pleas on April 18, 1975. He was sentenced to two to fifteen years of incarceration. Petitioner claims he has completed that sentence. On October 2, 1995, Corbin was charged in federal court with possession of heroin with the intent to sell or distribute, and with possession of a firearm by a person previously convicted of a felony.[1] He was sentenced on October 31, 1996 to 180 months incarceration. Corbin contends that he is innocent of that crime and seeks to vacate his 1975 state court felonious assault conviction, claiming that it was used to enhance his federal sentence.

---

[1] That case, No. 1:95 CR 351, was assigned to United States District Judge Solomon Oliver, Jr.

This petition is not Mr. Corbin's first attempt to challenge his 1975 state conviction. He has filed two prior petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court to challenge that conviction.[2]  Both petitions were unsuccessful.  He also filed two prior petitions for a writ of error coram nobis alleging that another individual, Larry Diamond, committed the crime.[3]  Both of these petitions were unsuccessful as well.  Mr. Corbin now brings his fifth petition in this court seeking to challenge the validity of his 1975 conviction, once again claiming that another individual, Larry Diamond, committed the crime.

The doctrine of res judicata dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment.  Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918 F.2d 658, 660 (6th Cir. 1990).  It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action.  Id.  The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources.  Westwood Chemical Co. v. Kulick, 656 F.2d 1224 (6th Cir. 1981).  A subsequent action will be subject to a res judicata bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action.  Both of these requirements are met in this case.  This petition is substantially identical to the other four petitions which were considered and rejected by this court.  The doctrine of res judicata bars

---

[2] Corbin v. State of Ohio, 1:96 CV 1845 (N.D. Ohio Sept. 27, 1996); Corbin v. State of Ohio, 1:99 CV 2478 (N.D. Ohio May 5, 2000)(transferred to the Sixth Circuit as a successive petition).

[3] Corbin v. State of Ohio, 4:03 CV 1688 (N.D. Ohio dismissed May 3, 2004)(transferred to the Sixth Circuit as a successive petition);Corbin v. State of Ohio, 1:00 CV 2073 (N.D. Ohio dismissed Nov. 9, 2000).

Mr. Corbin's attempt to challenge his 1975 Ohio conviction for the fifth time.

Accordingly, this action is dismissed pursuant o 28 U.S.C. § 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

        /s/Dan Aaron Polster 8/14/06
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE